**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LUIS ROCHA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-866-GPM |
| | ) |
| TODD SCOTT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

    Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the

complaint and the supporting exhibits, the Court finds that no claim in the original complaint may dismissed at this point in the litigation.

**THE COMPLAINT**

Liberally construing the complaint, it appears that Plaintiff was transported to a hospital on July 22, 2008, where he had surgery performed on his arm. On or about July 24, 2008, Plaintiff returned to Menard Correctional Center. During the return trip, Plaintiff contends that "two unknown C/O's cuffed [him] and beat on [him,] kicked [him,] and punched him." Plaintiff further states that he had been prescribed pain pills after his surgery, but when he was returned to prison, Defendant Feinerman gave him only ibuprofen for the pain. Finally, Plaintiff alleges that on August 5, 2008, he was transported back to the hospital by Defendants Scott and Aillen for application of a brace. During this trip, Plaintiff claims that Defendant Scott maced him.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants "Unknown Parties" for using excessive force against Plaintiff in violation of the Eighth Amendment.
>
> **COUNT 2:** Against Defendant Feinerman for depriving Plaintiff of adequate pain medication for his arm in violation of the Eighth Amendment.
>
> **COUNT 3:** Against Defendants Scott and Aillen for using excessive for against Plaintiff in violation of the Eighth Amendment.

**DISCUSSION**

The Court finds that Counts 1, 2, and 3 survive threshold review under § 1915A and should not be dismissed at this time. Although the use of fictitious names or "unknown parties" is generally

frowned upon, *see K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997), where a Plaintiff alleges objectively serious constitutional deprivations, he should be allowed "a reasonable opportunity to identify unnamed defendants and amend his complaint." *See Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999). Consequently, the Court will allow Plaintiff to proceed against the "Unknown Parties" in Count 1 of the complaint.

Count 2 of complaint, however, seeks relief only against Defendant Feinerman. Count 3 of the complaint seeks relief only against Defendants Scott and Aillen. The claim asserted in Count 2 does not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as Count 1 or Count 3. The claim asserted in Count 3 does not appear to rise from the same transaction, occurrence, or series of transactions as Count 1 or Count 2. The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claims asserted in Counts 1, 2, and 3 are not sufficiently related to allow them to proceed together in one lawsuit.

Plaintiff is ADVISED that the Court intends to sever Count 2 into a separate suit and to sever Count 3 into a separate suit. If these claims are severed, they would be removed from this case and opened in new cases. New case numbers would be assigned and additional filing fees would be assessed for each new case.

Because the imposition of additional filing fees may impose a financial burden on him, Plaintiff is FURTHER ADVISED that he may avoid severance (and the imposition of additional filing fees) by filing a motion to voluntarily dismiss Counts 2 and 3 without prejudice within thirty (30) days of the date of this order. Before filing that motion, Plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable 2-year statute of

limitations.

**SUMMARY**

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant Ray Aillen within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.[1]  The Clerk of Court is **DIRECTED** to send Plaintiff **1** USM-285 form with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants Scott, Feinerman, and Aillen.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants Scott, Feinerman, and Aillen in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on the "Unknown Defendants" until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

---

[1] The docket reflects that such forms already have been submitted for Defendants Scott and Feinerman.

With respect to former employees of Illinois Department of Corrections (I.D.O.C.) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 05/07/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge